IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROGER B. ZUNDEL dba CENTURY 21 AT THE ROCKIES,<br><br>Plaintiff,<br><br>v.<br><br>CONNIE SUZANNE TAUNTON dba ALL STAR REALTORS AT THE ROCKIES,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:07-cv-0023-DB-PMW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is a motion for judgment on the pleadings filed by Roger B. Zundel dba Century 21 At the Rockies ("Plaintiff").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written submissions. *See* DUCivR 7-1(f).

---

[1] This case was previously assigned to former District Judge Paul G. Cassell, *see* docket no. 1, who entered the original order referring this case to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(B). *See* docket no. 13. In November 2007, this case was reassigned to District Judge Benson, *see* docket no. 17, who affirmed that order of reference. *See* docket no. 18.

[2] *See* docket no. 26.

**BACKGROUND**

As a preliminary matter, the court notes that Connie Suzanne Taunton dba All Star Realtors At the Rockies ("Defendant") is proceeding pro se in this case. Accordingly, the court will construe her pleadings and other filings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Plaintiff filed the complaint in this case on January 16, 2007.[3] Plaintiff's complaint alleges that Defendant infringed upon his trade name and mark, "At the Rockies." The complaint contains causes of action for trade name and mark infringement under the Lanham Act, *see* 15 U.S.C. §§ 1051–1411n, and unfair competition under both Utah statutory law, *see* Utah Code §§ 13-5a-101 to -103, and Utah common law. Defendant was served with a summons and the complaint on January 19, 2007.[4]

When the court did not receive a timely response to the complaint from Defendant, the court issued an order to show cause on April 12, 2007.[5] In that order, the court directed Defendant to respond in writing within fifteen days to show cause why she had not responded to the complaint and why judgment should not be entered against her.

Defendant responded to the order to show cause by way of a letter that appears to have been faxed to the court on April 25, 2007.[6] After providing some explanation to respond to the

---

[3] *See* docket no. 2.

[4] *See* docket no. 9.

[5] *See* docket no. 11.

[6] *See* docket no. 12.

allegations of Plaintiff's complaint, Defendant concluded the letter by stating that Plaintiff "has no cause [of] action against [Defendant's] business and this matter should be dismissed by the court."[7] Based upon her status as a pro se litigant, the court will treat this letter as Defendant's answer to Plaintiff's complaint. *See Ledbetter*, 318 F.3d at 1187.

Thereafter, on June 12, 2007, Plaintiff filed a motion to refer the case to this court's Alternative Dispute Resolution ("ADR") Program.[8] Defendant did not file any response to that motion. Consequently, on July 13, 2007, the court granted Plaintiff's motion.[9]

On January 9, 2008, Plaintiff filed a motion to withdraw the case from the ADR Program.[10] In the motion, Plaintiff's counsel asserted that both he and the court's ADR Program Administrator had attempted to contact Defendant to schedule an ADR session but had been unsuccessful because Defendant failed to return their phone calls. Because Defendant was uncooperative and did not participate in ADR, Plaintiff asked the court to withdraw the referral of the case to the ADR Program. Again, Defendant did not file any response to the motion. Accordingly, on January 29, 2008, the court granted Plaintiff's motion.[11]

---

[7] *Id.* at 3.

[8] *See* docket no. 15.

[9] *See* docket no. 16.

[10] *See* docket no. 19.

[11] *See* docket no. 20.

On January 30, 2008, the court issued a notice of hearing to schedule an initial pretrial conference for April 23, 2008.[12] On March 21, 2008, Plaintiff's counsel filed an attorney planning meeting report in which he proposed certain scheduling deadlines.[13] In that report, Plaintiff's counsel indicated that he had mailed a draft of the report to Defendant for approval or changes and that Defendant had failed to respond or otherwise participate in the planning process.

The initial pretrial conference was held as scheduled on April 23, 2008.[14] Plaintiff's counsel appeared at the conference, but Defendant did not appear. At the conclusion of the conference, the court entered a scheduling order setting scheduling deadlines for the case.[15]

On August 6, 2008, Plaintiff filed the motion before the court.[16] Defendant has not filed any response to the motion, and the time for filing a response expired long ago. *See* DUCivR 7-1(b)(4)(B); *see also* Fed. R. Civ. P. 6(a), (d).

## ANALYSIS

Plaintiff's motion seeks judgment on the pleadings pursuant to rule 12(c) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(c). "Judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to

---

[12] *See* docket no. 22.

[13] *See* docket no. 23.

[14] *See* docket no. 24.

[15] *See* docket no. 25.

[16] *See* docket no. 26.

be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, Pa.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quotations and citation omitted).  In considering a motion for judgment on the pleadings, the court "accept[s] all facts pleaded by the non-moving party as true and grant[s] all reasonable inferences from the pleadings in favor of the same." *Id*.  Further, "[a]s with [the Tenth Circuit's] practice for motions to dismiss under Rule 12(b)(6)[ of the Federal Rules of Civil Procedure], documents attached to the pleadings are exhibits and are to be considered in [the district court's decision on a] Rule 12(c) motion." *Id*.; *see also* Fed. R. Civ. P. 10(c).

Plaintiff's motion seeks judgment in his favor on all of the causes of action contained in his complaint.  Plaintiff's motion also seeks entry of a permanent injunction against Defendant prohibiting any use of the "At the Rockies" trade name and mark, as well as entry of a monetary judgment against Defendant in an amount equal to Plaintiff's attorney fees and costs.  *See* Utah Code § 13-5a-103 (providing that in a private cause of action for unfair competition, the person bringing suit may recover, among other things, "costs and attorney fees").

In the memorandum in support of his motion, Plaintiff has presented a statement of undisputed facts that references both Plaintiff's complaint and Defendant's letter to the court.[17]  As previously noted, Defendant failed to file any response to Plaintiff's motion.  As a result, Plaintiff's statement of facts is undisputed, and Plaintiff "has clearly established that no material

---

[17] *See* docket no. 27 at 2–5.

issue of fact remains to be resolved." *Park Univ. Enters., Inc.*, 442 F.3d at 1244 (quotations and citation omitted).

Based on his statement of undisputed facts, Plaintiff has presented argument demonstrating that Defendant has committed trade name and mark infringement under the Lanham Act[18] and that Defendant's actions constitute unfair competition under both Utah statutory law and Utah common law.[19] Again, Defendant failed to file any response to Plaintiff's motion to present any conflicting arguments. Accordingly, Plaintiff has demonstrated that he "is entitled to judgment as a matter of law." *Id*. (quotations and citation omitted).

Plaintiff also seeks injunctive relief and a monetary judgment against Defendant. Because Plaintiff has demonstrated that he is entitled to judgment on the pleadings, the court has determined that both requests should be granted. As detailed below, a permanent injunction should be entered against Defendant prohibiting any use of the "At the Rockies" trade name and mark. In addition, Plaintiff should be awarded a monetary judgment against Defendant in an amount equal to Plaintiff's attorney fees and costs. *See* Utah Code § 13-5a-103.

For these reasons, Plaintiff's motion for judgment on the pleadings, as well as the relief requested therein, should be **GRANTED**.

As a final matter, in light of the court's recommended disposition of Plaintiff's motion, the court addresses Defendant's status as a pro se litigant. As previously noted, because

---

[18] *See id*. at 6–7.

[19] *See id*. at 8–9.

Defendant is proceeding pro se in this case, the court has a responsibility to give a liberal construction to her pleadings and other submissions in this case. *See Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). To date, the only formal communication the court has received from Defendant in this case is her April 2007 letter, which was submitted only after the court issued an order to show cause based on Defendant's failure to respond to Plaintiff's complaint in a timely fashion. Even though that letter demonstrates Defendant's knowledge of the existence of this case, it appears that Defendant has otherwise ignored or refused to participate in the case. Indeed, in spite of the fact that it appears Plaintiff's counsel offered ADR to Defendant as a courtesy because she was proceeding pro se, Defendant was uncooperative and refused to participate in ADR. Plaintiff also failed to appear at the April 23, 2008 initial pretrial conference, despite being provided with notice of that hearing. In addition, Defendant has failed to file a response to any of Plaintiff's motions, including the motion before the court. Even when the court takes Defendant's pro se status into account, her failure to participate in any meaningful way in this case leads the court to the conclusion that it is appropriate to recommend that the district court grant Plaintiff's motion without further notice to Defendant. *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.").

**RECOMMENDATION**

Based on the foregoing, **IT IS HEREBY RECOMMENDED:**

1. Plaintiff's motion for judgment on the pleadings[20] be **GRANTED**.

2. Plaintiff be awarded judgment on his causes of action for trade name and mark infringement under the Lanham Act and unfair competition under both Utah statutory law and Utah common law.

3. A permanent injunction be entered against Defendant providing that Defendant, her agents, officers, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such order by personal service or otherwise, be permanently enjoined and restrained from using the "At the Rockies" trade name and mark in connection with Defendant's real estate business, "All Star Realtors At the Rockies"; acting in any manner that causes Defendant's business activity to be in any way confused with Plaintiff's business, "Century 21 At the Rockies"; and/or otherwise competing unfairly in any manner including, but not limited to, causing confusion as to, or misrepresenting the source, sponsorship, or origin of Defendant's services and/or commercial activities.

---

[20] *See* docket no. 26.

4.  Plaintiff be awarded a monetary judgment against Defendant in an amount equal to Plaintiff's attorney fees and costs. *See* Utah Code § 13-5a-103. In order to obtain that award, Plaintiff should be ordered to submit evidence of his attorney fees and costs to the court.

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1)(C). The parties must file any objection to this Report and Recommendation within ten (10) days after receiving it. *See id*. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 17th day of December, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge